**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WASTE SERVICES, INC.,**
          **Plaintiff,**

**-vs-**                                   **Case No.  6:05-cv-320-Orl-22DAB**

**WASTE MANAGEMENT INC., WASTE**
**MANAGEMENT INC. OF FLORIDA,**
**MAURICE MYERS,**
          **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR AN EXTENSION OF RELATED EXPERT DISCLOSURE DEADLINES (Doc. No. 95)**
>
> **FILED:**    **April 10, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

> **MOTION:**    **MOTION FOR LEAVE TO FILE SUPPLEMENT (Doc. No. 100)**
>
> **FILED:**    **April 27, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** insofar as Plaintiff seeks to file the reply. The reply and attachments shall stand as submitted. The motion is otherwise **DENIED.**

Plaintiff seeks to compel certain information that, as best the Court can tell from the papers and response provided, have either already been produced or were never properly requested in the first place. For example, in Plaintiff's Request No. 29, Plaintiff sought:

> Documents sufficient to reflect the geographic distance over which any person located within South-Central Florida ships special waste and/or non flow-controlled municipal solid waste to any landfill, including without limitation, to the Okeechobee Landfill and to the Omni Landfill, and that reflect any factors that affect such distances.

Defendants objected on vagueness and breadth grounds, but nonetheless noted that it would produce responsive documents, and, indeed Defendant asserts that it has done so, despite the ambiguous nature of the Request. In its motion, however, Plaintiff contends that Defendants have not complied because they "have failed to produce electronic data sufficient to show transportation costs per hour or per mile in Florida for the relevant period (on a monthly or quarterly basis) for transporting the relevant types of waste in the state of Florida." (Doc. No. 95 at 4). Notwithstanding its argument, Plaintiff did not ask for information regarding "transportation costs," and the original Request did not include the entire state. Moreover, Plaintiff has not shown that such electronic data exists and is being unreasonably withheld.

Request No. 36 sought documents sufficient to reflect any of Defendants' "pricing of services in the South-Central Florida Waste Disposal Markets" to include all customer agreements, types of services and volume of services, and revenues produced from the agreements. Defendant objected, asserting that the Request was overbroad and unduly burdensome given the number of separate accounts. Defendant asserts that, in spite of its objections, it has produced "annualized 'AutoScale' reports for the years 2002 through 2005 for every WM intake facility in Central Florida,"[1] as well as

---

[1] These allegedly contain detailed transactional data, including customer name, volumes and pricing.

-2-

invoice data reports for each customer. Defendant asserts that it has produced the entire underlying database containing hundreds of thousands of individual transaction records for its Central Florida facilities. Nonetheless, Plaintiff moves to compel, contending that Defendants have produced only aggregate data (which does not provide appropriate details or "data points and trends"), as opposed to "detailed electronic transactional data"; have failed to produce all collection contracts and documents reflecting the negotiation of such contracts; have failed to produce all bids; and documents reflecting gate tipping fees, for all types of waste, on a monthly or quarterly basis.

Again, the motion seeks documents not fairly within the scope of the Request. If Plaintiff wanted bids, for example, it should have so specified. Moreover, Plaintiff is entitled to the data requested, but it is not entitled to have the data compiled to its liking, if that is not how the documents are kept in the ordinary course. To the extent Plaintiff now claims to want each and every collection contract, represented by Defendants to be in the tens of thousands -- Defendant has offered to allow Plaintiff to inspect and copy the records, in full compliance with the Federal Rules. That is sufficient. As Defendants' response reflects that all responsive documentation has been produced (or offered for inspection), there is nothing to compel.

The motion to compel is without merit and therefore **denied.**

With respect to the motion to extend expert deadlines, the motion is **granted, in part,** but not due to any delay attributable to Defendants. As the discovery deadline is September 1, 2006, the Court sees no harm in accommodating, in part, Plaintiff's request for more time, without prejudicing Defendants. Plaintiff's expert report deadline is extended until **May 31, 2006.** Defendants' report shall be disclosed by **July 17, 2006.** Rebuttal is due **July 31, 2006.** The Court expects the parties to

work diligently to depose the experts, if desired, in the month of August, prior to the September 1, 2006 discovery deadline.

**DONE** and **ORDERED** in Orlando, Florida on April 28, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record