# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WASTE SERVICES, INC.,**

        **Plaintiff,**

**-vs-**     Case No. 6:05-cv-320-Orl-22DAB

**WASTE MANAGEMENT INC., WASTE MANAGEMENT INC. OF FLORIDA, and MAURICE MYERS,**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO REVIEW BILL OF COSTS (Doc. No. 224)**
>
> **FILED:** March 7, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

Following entry of summary judgment in favor of Defendants and against Plaintiff (Doc. Nos. 219, 220), Defendants filed a motion for taxation of costs (Doc. No. 221). Two days later, the Clerk taxed costs in the normal course (Doc. No. 222) and the Court denied the motion for taxation of costs as unnecessary (Doc. No. 223).[1] The instant motion for review of the bill of costs followed.[2] For the

---

[1] Note that the *clerk* taxed costs, not the Court. Defendants' assertion that "the Court promptly awarded the Defendants costs for the full amount requested" (Doc. No. 227 at 1) is inaccurate.

[2] Although a Notice of Appeal and Notice of Cross Appeal have since been filed, the Court retains jurisdiction over this collateral matter.

reasons set forth herein, it is **respectfully recommended** that the motion be **granted, in part and denied, in part.**

## *ISSUES AND ANALYSIS*

The following costs were taxed by the Clerk:

| | |
|---|---|
| Fees of the Clerk | $20.00 |
| Fees of the court reporter | $77,500.46 |
| Fees and disbursements for printing | $80,341.15 |
| For a total of | $157,561.61 |

The parties acknowledge that a prevailing party is entitled to recover only those costs allowed pursuant to 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Thus:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff urges the Court to disallow $77,474.91 in taxed costs, consisting of $48,854.84 in costs for ".tif [3] storage, creation, and blowback[4]"; $22,857.57 for Myers' allegedly duplicative deposition transcript costs; and $5,762.50 for transcript digitization/synchronization. Defendants contend that these costs are fully awardable.

---

[3] .tif (or tiff) is an acronym of "tagged image file format"; a format used in document imaging and document management systems.

[4] "Blowback," as used in this context, is the practice of printing electronic documents to paper.


*General Observations*

Plaintiff points out, correctly, that .tif's and digitization/synchronization are not included in the statutory language. Defendants assert that with the advent of paperless technology, words such as "paper," "printing," and "transcript" must not be interpreted literally, but broadly, to include the electronic equivalents of same. The Court is thus presented with the question of whether the costs incurred here are properly included as recoverable costs, within the spirit, if not the letter, of Section 1920. As with many matters in this brave new world, it is a question of degree.

Although no federal act awarded costs prior to the fee bill of 1853, the statutes of Gloucester (6 Edw. I, Ch. 1) and 23 Henry VIII, Ch. 15, Sec. 1, allowing costs to the prevailing plaintiff and defendant respectively, were part of our general law. *Vincennes Steel Corporation v. Miller,* 94 F.2d 347 (5th Cir. 1938). At an early date, however, the federal courts departed from the English practice of attempting to provide the successful litigant with total reimbursement (which often included attorney's fees) and developed principles limiting the scope of taxable costs. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2665. This reflected policy considerations of providing ready access to the courts to all citizens and reducing the threat of liability for litigation expenses as an obstacle to bringing suit or asserting a defense that might have some merit. *In re Paoli R.R. Yard PCB Litigation,* 221 F.3d 449, 464 (3rd Cir. 2000). Under the American system, taxable costs are not meant to include all expenses in connection with a lawsuit, but only certain expenses, as reflected in the statute. The Court can state with confidence that reimbursement for the types of costs sought here (.tif files, digitized manipulation of electronic media, etc.) were not contemplated by the framers of the English statutes, nor by Congress when Section 1920 was enacted in the 1940's. Thus, if the statute is strictly construed, the majority of costs claimed by Defendants would fall without the statute, and would therefore be non-recoverable.

The Court, however, does not believe the law to be so rigid. Although this particular statute has yet to be amended to reflect the realities of the digital age, the Federal Rules of Civil Procedure have recently undergone a major revision in this area, and issues of electronic discovery and evidence are being regularly presented to federal courts nationwide. Indeed, technology has led to major changes in the construction and design of courthouses themselves, with courtrooms being fitted with monitors and hardware to accommodate electronic presentation of evidence. It does not escape the Court's attention that the entire docket of this case has been electronically filed, and the "briefs" are nothing more than PDF files, existing so far as the Court is concerned, only in cyberspace. Such recognition of the new reality, however, does *not* mean that any and every cost attributable to the latest technical advancement is authorized for taxation to one's opponent. The Court is guided by the overall policies behind Section 1920: to allow only *reasonable* costs of the types enumerated and *necessarily incurred*. With this in mind, the Court turns to the specific costs at issue.

**.tif storage and creation**

Plaintiff contends that electronic creation of a document repository is not covered under Section 1920 and is not recoverable in any event in that it was solely for the convenience of the parties. It appears from the papers[5] that Defendant does not necessarily disagree that the creation of the repository was for the convenience of the parties,[6] but contends that it is now "standard practice" to "mine" databases in order to respond to discovery requests. Moreover, Plaintiff did not object to this approach to production, and it is "more than reasonable"[7] to charge Plaintiff $.075 cents per tif image actually produced in response to discovery requests.

---

[5] The Court uses this term in the traditional sense, although the briefs were filed electronically.

[6] Defendants brief notes that "WM informed WSI at the outset of discovery that WM was planning to make discovery productions electronically, for the convenience of the parties . . ." Doc. No. 227 at 3.

[7] This a curiously ambiguous phrase when used to justify the amount being charged to someone else.

Defendants assume (as does the Court) that Plaintiff objects to the charges in Attachment A at § 8 (Howrey Litigation Support, with imaging at .20 cents a page; storing at .001 or .003 cents a page; and litigation support activities at $60.00 – all totaling $22,887.86) and the last two entries in § 6 (True Data Partners' charges for Defendant's electronic document production: paper to tiff images – totaling $19,201.18) (Doc. No. 221 and 227-3).

As to Plaintiff's first objection, that "tiffing" is not included in the language of Section 1920, the Court need not reach this issue as it finds Plaintiff waived this argument by failing to object to Defendants' method of production at any time prior to this motion. *See* Rule 26(f)(3), Fed. R. Civ. P.

That said, however, it is still Defendants' burden to support the claim for copying costs. Generally, the party seeking recovery of copying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. *Helms v. Wal-Mart Stores, Inc.,* 808 F.Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993); *Corsair Asset Management, Inc. v. Moskovitz,* 142 F.R.D. 347, 353 (N.D. Ga. 1992). According to the support documents provided, True Data Partners is an outside vendor and the .075 cents charged per page represents the actual invoiced cost. *See* Doc. No. 227-16 at pg. 14. As this charge represents an actual invoiced amount and Plaintiff presents nothing to counter Defendants showing that the copies were in response to Plaintiff's discovery requests or that the charge is otherwise unreasonable, the Court sees no reason to disallow it.

The Court does not sustain the charges with respect to Howrey Litigation Support, however. According to the Declaration of Richard DiZinno (Doc. No. 227-2), "Item No. 8 in Attachment A lists the costs incurred by Howrey's in-house litigation support group charged to WM. Each charge represents an actual cost to collect, store, and ultimately produce "tiff" images which WSI obtained for use in this case by way of various document requests." The Court finds this declaration to be

unpersuasive as there is no explanation for how the in-house group arrived at the "actual costs." Indeed, although the outside vendor charged .075 cents to image a document, Howrey charged its client a whopping .20 cents a page. Moreover, once an image is scanned and "tiffed," it can be placed on CD's or a hard drive without a per document "storage" cost, or any cost, save that of purchasing the CD's. There is no explanation for the "litigation support activities"; a cost which is not recoverable under Section 1920 in any event. The charge for $22,887.86 should be **disallowed.**

### Blowbacks

It appears that Plaintiff's objections to the blowbacks is based on a mistaken notion that the documents were not produced to Plaintiff.[8] The Court takes Defendants at their word that, in fact, the production was made, and therefore the objection should be overruled.

### Copies of Depositions

Plaintiff next contends that it should not be taxed for deposition transcript costs incurred by co-defendant Myers as he could presumably have obtained the transcripts from the other defendants, rather than through the court reporter. While theoretically true, Plaintiff chose to sue Myers individually and Myers chose to be represented by separate counsel. Myers is a prevailing party in this litigation, and, as such, is entitled to reimbursement of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." This objection should be overruled.

### Transcript digitization/synchronization

Plaintiff last objects to the charge of $5,762.50 for costs to format video transcripts to an editable form. The Court recommends that the objection be **sustained**, and the costs disallowed.

---

[8] As pointed out by Defendants, the mistake was based on a typographical error in the exhibit prepared by *Defendants.*

As pointed out by Defendants, Plaintiff does not (and cannot) object to the cost of the videotaping and the video transcript itself. *Morrison v. Reichhold Chemicals, Inc.,* 97 F. 3d 460, 464-65 (11th Cir. 1996) ("when a party notices a deposition to be recorded by nonstenographic means . . . . and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate to award the cost of conducting the deposition in the manner noticed."). Defendants argue that having agreed to the videotaping, Plaintiff cannot object to the *further* cost of necessary "manipulating" of the transcripts in order to render the transcript useable for trial. Otherwise, say Defendants, the parties would have been left playing 8 hours of deposition testimony for nearly thirty witnesses. While the Court can certainly see the advantages of the ability to synchronize and readily edit videotape, the issue is not whether the expense is justifiable from a litigation strategy point of view, but rather, whether the expense was one included in the categories of costs allowed by Section 1920.

The case law allows for taxation of "the cost of conducting" videotaped depositions. *Morrison, supra.* The cost here, however, is not related to conducting the deposition or even transcribing the deposition, but rather, editing and formatting the deposition *after* its transcription for use, in essence, as a trial exhibit. In this circuit, costs related to the creation of videotape exhibits are not taxable, but costs related to the taking of videotape depositions are. *Arcadian Fertilizer, L.P. v. MPW Indus. Services,* 249 F.3d 1293 (11th Cir. 2001). At issue, then, is whether Section 1920 can be interpreted to allow the cost to convert a covered cost item (the transcription of a deposition) into an otherwise uncovered cost item (a video exhibit).

In *Arcadian,* the appellate court noted that it was not clear whether the videotape exhibits at issue there were actually excerpts of videotape depositions, which may be taxed separately under *Morrison. See Arcadian,* 249 F.3d at 1297, n. 5. The Court therefore held that: "Should the district

court determine on remand that the videotape exhibits are indeed excerpts of videotape depositions *that have not previously been accounted for in the court's calculations,* and that Arcadian has met the requirements of *Morrison,* the court may in its discretion tax the costs of such exhibits." *Id.* (emphasis added).  Here, the cost of the videotaping and transcription of the deposition (by stenographic means, in addition to the videotape) was indeed already accounted for in the Bill of Costs.  The Court sees no substantive difference between the cost incurred in reviewing and redacting a written deposition transcript for use at trial (non-compensable) and in reviewing and editing a videotape deposition for use at trial.  The formatting charges here are more akin to a charge for video equipment to play the videotape at trial; a charge disallowed in this circuit.  *Morrison.*  There is simply no statutory support for an extra cost for formatting a videotape to allow for a particular presentation desired by Defendants.

The Court has no doubt that there are hundreds, if not thousands of new products and software that would greatly aid in the presentation of evidence before the Court and jury.  But, as discussed above, Section 1920 is not designed to reimburse for all of the bells and whistles utilized in the presentation or defense of a case.  While it may be appropriate to use the latest technology to "manipulate" the evidence in a case, and justifiable to charge a client for same, unless it is included in the language of Section 1920 or authorized by agreement of the parties, the expense is not a taxable cost. *See Crawford Fitting Co., supra,* 482 U.S. at 445.[9]

### *RECOMMENDATION*

For the reasons set forth above, it is **respectfully recommended** that the motion be **granted, in part and denied, in part, as follows:** The judgment for costs should be amended to disallow the

---

[9]The parties could well have avoided this issue entirely by conferring prior to the expenditure, as contemplated by Rule 26, and coming to an agreement as to costs deemed truly necessary, if not explicitly included in Section 1920.

charge of $5,762.50 for costs to format video transcripts and the charge for $22,887.86 for in-house litigation support charges for tiffing and storing images.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 30, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy